UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| M.L. JOHNSON FAMILY PROPERTIES, LLC, <br><br> Plaintiff, <br><br> V. <br><br> DAVID BERNHARDT, Secretary of the Interior, <br><br> Defendant. | CIVIL ACTION NO. 7:14-cv-78-KKC <br><br> **ORDER & OPINION** |

\*\*\* \*\*\* \*\*\*

There are currently two motions before the Court. First, Plaintiff M.L. Johnson Family Properties, LLC ("Johnson LLC") asks for the Court's leave to file a Second Amended Complaint. [DE 101.] Second, the Defendant Secretary has moved to dismiss the claims set forth in Johnson LLC's First Amended Complaint. [DE 83.] For reasons set forth below, the Court (1) **denies** Johnson LLC's motion for leave to file a Second Amended Complaint [DE 101] and (2) **grants** the Secretary's motion to dismiss Johnson LLC's First Amended Complaint. [DE 83.] The matter shall remain on the Court's active docket to allow the parties to file for fees and costs pursuant to 30 U.S.C. § 1270(d).

## BACKGROUND

The underlying facts and procedural history of this dispute are outlined in orders and opinions previously issued in this case, 7:14-cv-78 (*see e.g.*, Doc. 35), and related action, 7:16-cv-06 (*see e.g.*, Docs. 45, 85, 102, 110). The Court will therefore only recount the details relevant to the resolution of the two motions before it.

### A.

On May 14, 2014, Johnson LLC filed a citizens suit for declaratory and injunctive relief pursuant to the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), specifically 30

U.S.C. § 1270. [DE 1.] On May 16, 2014, Johnson LLC requested a restraining order and a preliminary injunction compelling the Secretary to issue a cessation order requiring Premier Elkhorn to halt the surface mining of Tract 46 in Pike County, Kentucky. [DE 5.] After moving for a restraining order and preliminary injunction, Johnson LLC amended its Complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1). [DE 20.]

Johnson LLC's First Amended Complaint, which is currently still operative, sets forth four claims for relief. Count I alleges that the Kentucky Cabinet is engaged in a pattern and practice of issuing surface mining permits based on applications that fail to list the names and addresses of *all* surface owners of the land to be mined. [DE 20, at 16.] Similarly, Count II asserts that the Kentucky Cabinet is engaged in a pattern and practice of issuing surface mining permits based on applications that fail to show that adequate public notice has been given that includes *all* land ownership information. [DE 20, at 17.] Count III posits that the Kentucky Cabinet improperly issues mining permits without the written consent of *all* surface owners. [DE 20, at 19.] Finally, Count IV alleges that the Secretary failed to inspect Premier Elkhorn's permit to mine on Tract 46 after learning of a purported imminent danger situation. [DE 20, at 20.]

On June 13, 2014, then-District Judge Amul Thapar partially granted Johnson LLC's application for an injunction, ordering the Secretary to inspect Premier Elkhorn's mining operations. Judge Thapar further ordered Premier Elkhorn to cease all surface mining operations on Tract 46 during the pendency of the Secretary's inspection. The Secretary reported to the Court on July 21, 2014 that the Office of Surface Mining Reclamation and Enforcement ("OSMRE") had conducted the required inspection. The Secretary also advised that because OSMRE had determined that the surface mining of Tract 46 had occurred without a valid mining permit, the agency was compelled under 30 U.S.C. § 1272(a)(2) to issue a cessation order. [DE 46-1, at 9.]

On July 30, 2014, Judge Thapar dissolved the previously issued injunction at Johnson LLC's request. [DE 52.] The matter was then transferred to the undersigned following Judge Thapar's appointment to the Sixth Circuit Court of Appeals.

On April 11, 2018, this Court entered an order dismissing the action from its active docket. Considering its final judgment in related case 7:16-cv-06, the Court believed that all issues between the parties had been adjudicated. [DE 60.] Nevertheless, the Court reopened the matter per Johnson LLC's request. [DE 64.] Not long after reinstatement, Johnson LLC moved to further amend its Complaint. [DE 79.] The motion asked the Court to suspend Counts I and II of Johnson LLC's First Amended Complaint thereby allowing the entity to dismiss a related regulatory proceeding. Johnson LLC also conceded that the Court's judgment in related case 7:16-cv-06 precluded the litigation of Count III. As to Count IV, Johnson LLC sought to amend the claim to request only declaratory relief. Johnson LLC then requested leave to add an additional claim, Count V, a declaration that OSMRE lawfully issued the cessation order. Lastly, Johnson LLC asked for the Court's permission to add Premier Elkhorn as a regular party defendant.

The Secretary then filed its opposition to Johnson LLC's motion to amend. At the same time, the Secretary moved to dismiss the remaining claims set forth in Johnson LLC's First Amended Complaint. [DE 83.] In response, Johnson LLC "respectfully abandon[ed] each of its existing and proposed claims" (Counts I thru IV) and took the position that it was now only seeking to amend its Complaint to add Count V, a declaration of the validity of OSMRE's cessation order. [DE 95, at 1.] Before the Court could rule on the pending matters, Johnson LLC again moved to amend its Complaint. [DE 96.] This time around, Johnson LLC sought to add Count VI, a claim for damages against Premier Elkhorn. [DE 96.] The Court ordered Johnson LLC to combine its two pending motions into a single consolidated one.

On March 15, 2019, Johnson LLC tendered its consolidated motion to amend. [DE 101.] Johnson LLC requested leave to "withdraw all claims stated in the First Amended Complaint" other

3

than Count IV, which it sought to "update." [DE 101, at 3.] The proposed Second Amended Complaint asserts only two claims for relief. Count I asks for a declaration upholding the validity of the cessation order, and Count II presents a damages claim against Premier Elkhorn. Because the disposition of the Secretary's motion to dismiss hinged on whether the Court allowed Johnson LLC the opportunity to amend its Complaint, the Court stayed any further briefing on the dismissal motion. [DE 104.]

### B.

While the parties' respective motions were pending before the Court, Premier Elkhorn filed a petition in the United States Bankruptcy Court for the Eastern District of Kentucky seeking relief under Chapter 11 of the United States Bankruptcy Code. [DE 110.] Premier Elkhorn is protected by 11 U.S.C. § 362(a)'s automatic stay provision for the duration of the bankruptcy proceeding.

## ANALYSIS

### I. Johnson LLC's Motion to Further Amend Its Complaint

The Court must first address Johnson LLC's motion for leave to further amend its Complaint. [DE 101.] Johnson LLC seeks to remove all four of the claims asserted in its First Amended Complaint [DE 20] and replace them with two brand new claims—Counts I and II. Count I of Johnson LLC's proposed Second Amended Complaint requests a declaration upholding the validity of OSMRE's cessation order, while Count II asserts a claim for damages against Premier Elkhorn. [DE 101-1, at 13-14.] The Secretary, on the other hand, urges the Court to reject Johnson LLC's proposed amendments on account of futility. The issues have been fully briefed and are ripe for consideration.

*Count I*

Premier Elkhorn administratively challenged OSMRE's issuance of the cessation order—despite its eventual termination—because having the cessation order on its record subjects the company to enhanced future penalties. Upon review, an Administrative Law Judge ("ALJ") in the Department of Interior's Office of Hearings and Appeals upheld the issuance of the cessation order. Premier Elkhorn and the Kentucky Cabinet then appealed the ALJ's decision to the Department of

4

Interior's Board of Land Appeals ("IBLA"). That appeal, which is now over three years old, remains pending before the IBLA. Recently, the IBLA suspended its review pending the Sixth Circuit's assessment of this Court's judgment in related case 7:16-cv-06. Even though the Sixth Circuit's mandate issued in May 2019, it appears the IBLA has not yet restored the appeal to its active docket. *IBLA, Pending Cases as of July 31, 2019*, U.S. DEP'T INTERIOR, https://www.doi.gov/sites/doi.gov/files/uploads/fy19-pending-cases-july.pdf.

### A.

Count I of the proposed Second Amended Complaint asks this Court to terminate the pending IBLA appeal and to issue a declaratory judgment upholding the validity of OSMRE's cessation order. There are several problems associated with this request. Most notably, Johnson LLC failed to exhaust its administrative remedies before seeking this Court's intervention.

The Sixth Circuit has made abundantly clear that a party must exhaust its claims at the administrative level before seeking judicial review under SMCRA. *S. Ohio Coal Co. v. Office of Surface Min., Reclamation & Enf't, Dep't of Interior*, 20 F.3d 1418, 1425 (6th Cir. 1994) ("SMCRA unambiguously requires resort to the prescribed administrative review process before seeking judicial review."); *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (holding that parties "are required to exhaust [the] administrative remedies" available under SMCRA "before obtaining judicial review"). A claim is considered administratively exhausted if it results in a final decision subject to judicial review. *See Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991). The question before the Court then is whether the ALJ's decision to uphold OSMRE's cessation order can constitute final agency action even though the IBLA is currently reviewing that decision.

Because SMCRA itself does not define the contours of finality, the Court looks to the Department of Interior's own regulations for guidance. *M.L. Johnson Family Properties, LLC v. Bernhardt*, 924 F.3d 842, 849 (6th Cir. 2019) ("Congress does not define finality in the text of SMCRA, so the Secretary fleshes out its meaning through regulations."). Relevant here is 43 C.F.R. § 4.21(c),

which addresses the "[e]xhaustion of administrative remedies." The regulatory provision provides that only decisions of the IBLA constitute final agency action subject to judicial review. 42 C.F.R. § 4.21(c); *see M.L. Johnson*, 924 F.3d at 849. The only exception is where a party simultaneously files a petition for a stay of the ALJ's decision until the appeal is resolved. 42 C.F.R. § 4.21(c). That carve out, however, is inapplicable here. Thus, the Court may only review the validity of OSMRE's cessation order *after* the IBLA proceeding has run its course.

Johnson LLC tries to sidestep this inevitable result by arguing that its demand for a declaratory judgment is not a request for judicial review pursuant to 30 U.S.C. § 1276(a), and is instead a § 1270(a) citizen suit. Moreover, according to Johnson LLC, actions arising out of § 1270 are exempt from SMCRA's general exhaustion requirements. *See Bragg v. Robertson*, No. CIV. A. 2:98-0636, 1998 WL 1781736, at *5 (S.D.W. Va. Oct. 9, 1998). This statutory parsing defies common sense. SMCRA's citizen suit provision, § 1270(a), allows an interested person to commence an action when there has been a violation of a SMCRA or when the Secretary or appropriate state regulatory authority fails to perform any nondiscretionary act or duty required under the statutory framework. Here, Johnson LLC is not seeking to curb any ongoing activity. Nor is it demanding a party to perform a nondiscretionary duty required under SMCRA. Instead, Johnson LLC is asking the Court to uphold the validity of OSMRE's cessation order—a decision which was affirmed by an ALJ and is under review by the IBLA. Despite Johnson LLC's labeling to the contrary, its request for a declaratory judgment is a request for judicial review under § 1276(a). As such, the Court refuses to entertain Count I (or any similar claim) until the IBLA appeal is complete.

**B.**

The Court's decision to deny Johnson LLC's request to amend its operative Complaint to add the proposed Count I rests on the LLC's failure to exhaust its administrative remedies. That said, there are also potential justiciability problems. To begin, Article III requires that there be a live controversy at each stage of litigation in federal court. A case becomes moot if the issues are no longer

live or if the parties lack a "legally cognizable interest in the outcome." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Johnson LLC maintains that it has cognizable interests in obtaining the declaratory judgment sought in Count I because such a judgment would: (1) ensure that OSMRE collects the mandated penalty under SMCRA; (2) add "points" to Premier Elkhorn's resume that would expose the coal company to increased future fines; and (3) firmly establish a crucial element of any future damages action brought against Premier Elkhorn.

The Court questions whether these proffered interests are sufficient. OSMRE's ability to collect a civil penalty and Premier Elkhorn's increased exposure to future fines implicate the concept of deterrence. A generalized interest in deterrence, however, often falls short of satisfying Article III's live controversy requirement. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108–09 (1998) ("Nothing supports the requested injunctive relief except respondent's generalized interest in deterrence, which is insufficient for purposes of Article III."); *Webber v. Norwalk*, No. CV 05-04219-PHX-NVW, 2007 WL 7698736, at *4 (D. Ariz. Feb. 8, 2007) (noting that a party's general interest in deterrence is "insufficient for purposes of Article III") (internal citations omitted). Further, Johnson LLC does not cite any case law supporting its position that a party can have a legally cognizable interest in a proceeding when the outcome may help establish the elements of another cause of action. To the Court's knowledge, none exists.

The second foreseeable hurdle relates to the issue of standing. To establish standing under Article III, a plaintiff must demonstrate: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *See Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017). In the context of claims for injunctive or declaratory relief, "a plaintiff must show that he is under threat of suffering injury in fact that is concrete and particularized," and that "threat must be actual and imminent, not conjectural or hypothetical[.]" *Sumpter v. Wayne Cty.*, 868 F.3d 473, 491 (6th Cir. 2017) (quoting

*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Johnson LLC asserts standing on the basis that a declaration upholding the validity of OSMRE's cessation order would: (1) redress the threat of future violations on the part of Premier Elkhorn by enabling the collection of the civil penalty owed to OSMRE; and (2) redress the injury resulting from Premier Elkhorn's unlawful mining by establishing one of the prerequisites for a damages claim against the coal company. The Court though is highly skeptical. Johnson LLC does not appear to be facing any imminent threats of injury pending the outcome of the IBLA's decision. Moreover, the Court struggles to see how Johnson LLC's requested relief—a declaration of the cessation order's validity—will redress any injury or threat of injury. At best, a declaration would allow OSMRE to collect a civil penalty and subject Premier Elkhorn to enhanced future fines. The supposed link between these outcomes and any benefit to Johnson LLC, however, is extremely tenuous.

## C.

To conclude, the Court finds that Count I of Johnson LLC's proposed Second Amended Complaint is futile because Johnson LLC has not yet exhausted its administrative remedies. Moreover, even if the matter were properly before the Court, there are likely problems regarding justiciability, namely a lack of standing or a cognizable interest in the validity of OSMRE's cessation order. As such, the Court hereby **denies** Johnson LLC's request to amend its Complaint to add the revised Count I.

### *Count II*

Count II of the proposed Second Amended Complaint asserts a claim for damages against Premier Elkhorn pursuant to 30 U.S.C. § 1270(f). Specifically, Count II alleges that in mining Tract 46 without a valid permit, Premier Elkhorn caused harm to the surface of the land and permanently altered the view of the landscape enjoyed by members of the Johnson family. The proposed Count II further asserts that Premier Elkhorn's improper mining ousted members of the Johnson family from the land and precluded them from using it as they had done previously. [DE 101-1, at 14.]

There is one major problem with Johnson LLC's request to amend its Complaint to add Count II. In recent weeks, the parties notified the Court that Premier Elkhorn has petitioned for Chapter 11 bankruptcy. [DE 110.] Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement [of the bankruptcy case] . . . ." Because Premier Elkhorn is protected by the automatic stay, Johnson LLC may not, at least for now, bring its claim for damages against the coal company. The Court will therefore **deny** Johnson LLC's request to amend its Complaint to add the proposed Count II.

## II. The Secretary's Motion to Dismiss All Remaining Claims

Having denied Johnson LLC's motion to amend its Complaint for the second time, the Court must now address the Secretary's pending motion to dismiss the remainder of Johnson LLC's First Amended Complaint. [DE 83.] Briefing on the Secretary's motion was held in abeyance pending the adjudication of Johnson LLC's consolidated motion to amend. [DE 104.] That said, Johnson LLC has already submitted its response to the motion [DE 95] and the only missing brief is the Secretary's reply in support of its motion to dismiss. Upon review, the Court finds that it has what it needs to go ahead and dispose of the motion.

As noted *supra*, Johnson LLC's First Amended Complaint asserts four claims of relief (Counts I through IV). After careful consideration, the Court finds that there are no outstanding issues related to any of these four Counts. This conclusion is reinforced by the fact that at multiple junctures, Johnson LLC displayed a willingness to completely abandon its four original claims. Accordingly, the Court will **dismiss** Johnson LLC's First Amended Complaint. [DE 20.]

## CONCLUSION

For reasons stated above, the Court **DENIES** Johnson LLC's motion to further amend its Complaint [DE 101] and **GRANTS** the Secretary's motion to dismiss Johnson LLC's First Amended Complaint. [DE 83.] However, the parties still have a right to request fees pursuant to 30 U.S.C. §

9

1270(d). Under that provision, the Court "may award costs of litigation (including attorney and expert witness fees) to any party" if it determines that "such award is appropriate." The Clerk shall therefore **keep** this matter on the Court's active docket. The parties shall have up to and including **September 16, 2019** to file any motions for fees or costs under the relevant statute.

Dated August 14, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY